UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANTHONY G. STEIER                                                                                          APPELLANT

v.                                                                                      CIVIL ACTION NO. 3:07CV-318-S

MICHAEL M. BEST, et al.                                                                                     APPELLEES

## MEMORANDUM OPINION AND ORDER

This matter is before the court on appeal from the decision of the United States Bankruptcy Court granting the motion of the United States Trustee, J. Baxter Schilling, to disallow, in part, the claim of Anthony G. Steier, an unsecured creditor of the Chapter 7 petitioners, Michael M. and Colleen Best ("the Debtors").

The Debtors filed their Voluntary Petition seeking Chapter 7 relief on October 6, 2000. On January 16, 2001, Steier file a Proof of Claim in the amount of $196,110.49 on an unsecured claim arising from a state court judgment against the debtors. On April 1, 2005, Steier filed an amended Proof of Claim claiming $246,688 which included post-petition interest. On November 3, 2006, the Trustee filed a motion to disallow, in part, the claim of Steier.

The Bankruptcy court heard argument on the motion and the parties briefed the matter. The court ruled that (1) the federal judgment rate is the proper rate of interest to be awarded under 11 U.S.C. § 726(a)(5), (2) National City Bank, an unsecured creditor, is entitled to post-petition interest, and (3) interest will be calculated at the rate of 6.241% per annum from the date of filing of the petition, to be paid *pro rata* to the unsecured creditors if there are insufficient funds to pay post-petition interest in full.

As noted by the Bankruptcy Court, this case presents the rare situation in which a Chapter 7 estate has funds in excess of allowable claims. Generally, unsecured creditors are not entitled to

post-petition interest on their allowable claims. 11 U.S.C. § 502(b)(2). However, 11 U.S.C. §726(a)(5) provides for the "payment of interest at the legal rate from the date of the filing of the petition, on any claim paid under paragraph (1), (2), (3), or (4) of this subsection." Needless to say, there must be excess funds in order for the court to reach this fifth step in the Bankruptcy Code's distribution order.

Finding that interest would be paid under §726(a)(5), the Bankruptcy Court determined that the federal judgment rate should be applied in paying "interest at the legal rate." In reaching this determination, the Court followed the more recent line of cases which reached this conclusion on the basis that the use of the federal judgment rate promotes equality, fairness, and predictability in the distribution of interest on creditors' claims. *See, In re Beguelin*, 220 B.R. 94, 99-101 (B.A.P. 9th Cir. 1998); *In re Cardelucci*, 285 F.3d 1231 (9th Cir. 2002).

In this appeal, Steier urges that the Bankruptcy Court erred in awarding post-petition interest at the federal rate because in doing so, the court failed to give full faith and credit to the state court judgment which awarded 12%, the rate provided under Kentucky law.[1] He contends that his claim is for a sum certain which includes interest, due to the wording of the judgment. He contends that Steier's claim is to be distinguished from the usual, garden variety claim for a sum certain which does not include interest in the principal amount awarded. He urges that such a claim becomes entitled to the payment of interest "at the legal rate" by the application of § 726(a)(5).

The state court awarded judgment in favor of Steier "in the amount of $300,000 with interest payable as follows:" and then set out in six paragraphs the monthly interest payments:

1. From May 1, 1998, 8% interest on $50,000 until the date of this judgment [September 25, 1998] and 12% thereafter.

---

[1] Steier does not argue that the Bankruptcy Court's decision should be overturned because it chose to follow the line of cases applying the federal rate as the legal rate of interest. He notes in footnote 3 that this court should follow the line of cases applying the statutory or contract rate as opposed to the federal judgment rate. However, there is no argument that the Bankruptcy Court committed reversible error on this point. The comment is relegated to a footnote. This point is not one of the Issues on Appeal. *See*, Brief of Appellant, p. vi.

- 3 -

> 2. From June 1, 1998, 8% interest on $50,000 until the date of this judgment and 12% thereafter.
>
> 3. From July 1, 1998, 8% interest on $50,000 until the date of this judgment and 12% thereafter...[etc.]

Steier would have this court ignore the state court's own statement that it was awarding an amount in judgment [ie. a principal amount] *with interest* as set out in the enumerated paragraphs. Rather, he would have the court conclude that the state court judgment "included in the *principal* amount *the interest* to be obtained for each payment owed pursuant to the judgment." Appellant's Brief, p. 5 [emphasis added]. Steier cites only the judgment itself as authority for this claim that interest is, in fact, principal.

We reject this interpretation of the state court judgment which is unsupported by any citation of authority. Further, it is contrary to the terms of the judgment and common usage. The judgment itself distinguishes between principal and interest, awarding a sum certain *with interest*. In ordinary usage, those terms are not one and the same. *Black's Law Dictionary* defines "principal" as "the capital sum of a debt or obligation, as distinguished from interest or other additions to it. An amount on which interest is charged or earned. Amount of debt, not including interest."

Further, the Bankruptcy Court noted that the goals of equality, fairness and predictability in the distribution of interest on creditors' claims are to be respected. Thus we are disinclined to embrace an argument which would result in the application of different interest rates among the creditors unless we are shown some authority for doing so.

As we have rejected the "interest is principal" argument, we reject Steier's assertion that the Bankruptcy Court failed to accord full faith and credit to the state court judgment.

The second issue on appeal is Steier's challenge to the Bankruptcy court's determination that National City Bank ("NCB") is entitled to interest on its unsecured claim.

NCB filed two separate Proofs of Claim as a secured creditor.[2] One claim was in the amount of $254,687.77 and the other $755,231.15.  NCB liquidated the collateral, then filed amended Proofs of Claim asserting unsecured claims in the amounts of $104,045.46 and $254,357.89.  Steier urges that permitting the payment of interest to NCB on the unsecured portion of its claim allows NCB to recover more from the bankruptcy estate than an oversecured creditor.  Therefore, he contends that this would amount to unequal treatment of creditors inasmuch as oversecured creditors are limited to interest only to the extent of the value of the collateral pursuant to 11 U.S.C. § 506(b), while unsecured creditors are not so limited under § 726(a)(5).  *See*, Brief of Appellant, pp. 6-8.

First, the Bankruptcy Court correctly determined that the cases cited by Steier are inapposite.  In *Liberty National Bank & Trust Company v. George*, 70 B.R. 312 (W.D.Ky. 1987), a Chapter 11 case involving an oversecured creditor's claim for interest, the court held that "[t]he plain language of Sections 502(b), 506(b) and 726(a)(5), make no allowance for post-petition interest on a secured claim above the excess value of the collateral." *Id.* at 315.  In *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), a Chapter 11 creditor sought "compensation under 11 U.S.C. § 362(d)(1) for the delay caused by the automatic stay in foreclosing on their collateral." *Id*. at 629.  The quotes from these cases offered by Steier in support of his argument are taken out of context and are not shown to be analytically applicable to the case at bar.

The Trustee and NCB does not take issue with the proposition that an undersecured creditor may "surrender or waive his security and prove his entire claim as an unsecured one." *Id*. at 379.  However, this does not preclude an undersecured creditor from liquidating its collateral and amending its claim to seek the now-unsecured portion of the debt.  NCB's partially secured claim

---

[2]These facts are taken from the Facts section of Appellant's brief.  The brief, in turn, refers to the Objection to Motion of Steier to Deny Payment of Interest on the Unsecured Claim of National City Bank, p.2 (RA 12, p.2); RA 4,5, Amended Proofs of Claim.

is governed by 11 U.S.C. § 506(a)(1) which states "An allowed claim of a creditor secured by a lien on property is a secured claim to the extent of the value of such property...and is undersecured to the extent that the value...is less than the amount of such allowed claim." NCB has an unsecured claim for the balance of his claim. *See,* Norton, Jr., William L., 3 <u>Norton Bankruptcy Law and Practice, 3d,</u> § 52.1 ("[S]ecured claims are limited to the value of the collateral. Claims above the collateral's value are unsecured claims."). NCB seeks interest only on the unsecured portion of the debt. Thus the result is consistent with the Supreme Court's directive that Section 726(a)(5)...requires no more than that undersecured creditors receive postpetition interest from a solvent debtor on equal terms with unsecured creditors, rather than ahead of them - which, when the debtor is solvent, involves no hardship." *Id.* at 634.

To the extent that Steier contends that there is an inequity in the rights of an oversecured creditor under Chapter 11 pursuant to § 506(b) and an undersecured creditor under Chapter 7 pursuant to § 726(a)(5), this court finds this to be an apples to oranges comparison. We thus find no error in the Bankruptcy court's decision to permit an award of postpetition interest to NCB.

The court having conducted a *de novo* review of the decision of the United States Bankruptcy Court and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the April 3, 2007 Memorandum Opinion and Order of the United States Bankruptcy Court is **AFFIRMED**.

There being no just reason for delay in its entry, this is a final order.

**IT IS SO ORDERED.**